# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON | No.  56300-2-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| TARA CHRYSTAL SHANE, | |
| Appellant. | |

WORSWICK, J. — Tara Shane appeals her conviction and sentence for second degree assault with a deadly weapon.  Shane argues that her conviction was not supported by sufficient evidence.  We disagree and affirm.

## FACTS

### I. BACKGROUND

In April 2021, Larry Stackhouse was leaving his house in his truck when he discovered a woman, later identified as Tara Shane, acting erratically at the end of his driveway in a way that frightened him.  Stackhouse thought that Shane's car had broken down because it was parked at the end of the driveway with smoke coming from the front of the car.  Stackhouse walked around to the front of her car to see if she needed assistance and discovered that the smoke was coming from a small camp stove, on which she was burning several cell phones.

Shane told Stackhouse that his truck and his house belonged to her, and that she wanted him out of them.  Fearful of leaving his house unattended, Stackhouse got into his truck and called 911.

Lewis County Sheriff's Deputy Samuel Schouten arrived and had a brief conversation with Stackhouse, who described Shane's erratic behavior.  Deputy Schouten approached Shane, and discovered her sitting on the ground, burning electronic devices on the camp stove.  Shane was speaking nonsensically.  On seeing Deputy Schouten, Shane began yelling at Deputy Schouten that she needed help to get away from Stackhouse and another bystander, claiming they were sexually violent predators.  She also stated that deputy sheriffs were sexual predators and spoke about the earth exploding.

Deputy Schouten asked Shane for her name and date of birth.  Shane gave Deputy Schouten her name but stated she did not have a birth date because she had been here "since the beginning."  Verbatim Report of Proceedings (VRP) at 42.  Deputy Schouten then asked Shane if she could find her identification.  At this point, Shane stood up and again began screaming at Deputy Schouten about how deputy sheriffs were sexual predators.

Shane walked to the driver's side of her car, leaned into an open door, and began rummaging through a pile of items on the driver's seat, all while yelling angrily at Deputy Schouten.  Deputy Schouten stood two to three feet behind her, watching her go through her things.  Deputy Schouten asked Shane if she had a wallet and tried to encourage her to find her identification.

Shane then picked up a jacket and turned toward Schouten "with purpose."  VRP at 46.  Shane dropped the jacket, and revealed that she was holding a large knife in her right hand, with the tip of the blade pointed at Deputy Schouten.  The knife had a blade approximately 8 inches long.  Schouten, still only approximately two feet from Shane, took immediate action and pushed Shane against the car, spinning her away from him.  Deputy Schouten tried to get Shane to place

her hands behind her back, but she fought against him in such a way that Deputy Schouten did not know where the knife was.

Deputy Schouten was eventually able to handcuff Shane, but she did not stand up or move out of the road. Deputy Schouten, with Stackhouse's help, was eventually able to get Shane to stand up. Once she was on her feet, Deputy Schouten saw the knife sitting on the driver's seat of Shane's car. Deputy Schouten then placed Shane under arrest.

## II. BENCH TRIAL

The State charged Shane with one count of second degree assault with a deadly weapon and one count of obstructing a law enforcement officer. Shane waived her right to a jury trial and the case proceeded to a bench trial.

At trial, Stackhouse and Deputy Schouten testified as above. Deputy Schouten testified that he felt the knife was a threat to his life and that Shane was going to try to stab or hurt him. VRP at 48. He further testified that he was frightened in the aftermath by what he thought was "almost . . . a lethal encounter." VRP at 59. Stackhouse testified that he believed Deputy Schouten was in danger. However, Deputy Schouten also testified that Shane did not lunge at him, but that he reacted quickly on seeing the knife.

The trial court entered findings of facts and conclusions of law. The court found Stackhouse and Deputy Schouten's testimony that Deputy Schouten was in imminent danger to be credible. CP at 52. The court also found:

> 1.15 The Court, using common sense inferences, finds that the defendant was attempting to actually cause bodily injury to Deputy Schouten and was prevented, only by the quick actions of Deputy Schouten. The defendant also intentionally placed Deputy Schouten in apprehension of imminent bodily injury or death. The Court finds that the defendant acted intentionally, with knowledge, and the purpose to assault Deputy Schouten.

Clerk's Papers (CP) at 52. The court concluded that Shane was guilty beyond a reasonable doubt of second degree assault with a deadly weapon and obstruction of a law enforcement officer. The court sentenced Shane to 18 months confinement.

Shane appeals her conviction for second degree assault.[1]

## ANALYSIS

Shane argues that there was insufficient evidence to determine Shane "was attempting to actually cause bodily harm to Deputy Schouten" and "intentionally" placed him in apprehension of imminent bodily harm or death. Br. of Appellant at 6. We disagree.

"To determine whether sufficient evidence supports a conviction, we view the evidence in the light most favorable to the prosecution and determine whether any rational fact finder could have found the elements of the crime beyond a reasonable doubt." *State v. Homan*, 181 Wn.2d 102, 105, 330 P.3d 182 (2014). Following a bench trial, we limit our review to determining whether the trial court's findings are supported by substantial evidence and if those findings support the conclusions of law. *Homan*, 181 Wn.2d at 105-06. "Substantial evidence is evidence sufficient to persuade a fair-minded, rational person of the finding's truth." *State v. Stevenson*, 128 Wn. App. 179, 193, 114 P.3d 699 (2005). We treat any unchallenged findings of fact as verities on appeal, and we review any conclusions of law de novo. *Homan*, 181 Wn.2d at 106; *Stevenson*, 128 Wn. App. at 193. And we "must defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence." *State v. Thomas*, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004).

---

[1] Shane does not argue that her conviction for obstruction of a law enforcement officer was improper.

"A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). We draw all reasonable inferences from the evidence in favor of the State, and we interpret those inferences most strongly against the defendant. *Salinas*, 119 Wn.2d at 201.

RCW 9A.36.021(1)(c) provides: "A person is guilty of assault in the second degree if he or she, under circumstances not amounting to assault in the first degree . . . assaults another with a deadly weapon."

Here, the court laid out the elements of assault as:

> An assault is an act done with intent to inflict bodily injury upon another, tending but failing to accomplish it and accompanied with the apparent present ability to inflict the bodily injury if not prevented. It is not necessary that bodily injury be inflicted.
>
> An assault is also an act done with the intent to create in another apprehension and fear of bodily injury, and which in fact creates in another a reasonable apprehension and imminent fear of bodily injury *even though the actor did not actually intend to inflict bodily injury*.

CP at 33 (emphasis added); VRP at 95; *see also State v. Elmi*, 166 Wn.2d 209, 215 n.3, 207 P.3d 439 (2009). It is undisputed that the knife was a deadly weapon.

Shane argues that because she did not lunge or stab at Deputy Schouten, the State could not prove beyond a reasonable doubt that she intended to harm Deputy Schouten or intended to create apprehension and fear of bodily injury in Deputy Schouten. She argues that Deputy Schouten's testimony that he was afraid was not enough to show Shane's intent was to create fear. But even assuming that Deputy Schouten's testimony that he was afraid was not enough, by itself, to show Shane had the intent to create fear, here the court had more.

Shane was yelling angrily at Deputy Schouten and calling sheriff's deputies sexual predators. She was in close proximity to Deputy Schouten during the entire encounter, and she turned on him with the knife "with purpose." VRP at 46. Shane also appeared to shield or obscure her possession of the knife with a jacket before revealing it to Deputy Schouten. When Shane turned with the knife, she was less than three feet from Deputy Schouten, and pointed the tip of a knife with an 8-inch blade. Shane then fought back against Deputy Schouten when he attempted to disarm and handcuff her.

Drawing all reasonable inferences in favor of the State, a rational trier of fact could have determined that Shane intended to create fear or actually inflict bodily harm on Deputy Schouten. It is reasonable to infer from Shane's angry yelling, the manner in which she obscured, then pointed the blade at Deputy Schouten, and her subsequent physical resistance to him, that she intended to use the knife to scare or attack Deputy Schouten. This was not a situation where she was handing over the knife or displaying it from a great distance, or in a fleeting manner. This was an abrupt, close-quarters pointing of a large blade at a sheriff's deputy who Shane was stating she thought to be a sexual predator.

Shane argues that she was in the midst of a mental health crisis and subjectively believed she needed to defend herself. She argues that her reaction with the knife was based on her subjective fear under the circumstances. But this is a diminished capacity defense argued for the first time on appeal. She admitted at sentencing that she considered this defense, but it did not come to fruition. Moreover, even assuming Shane subjectively believed she needed to defend herself, it is reasonable to infer from the evidence that her actions with the knife were intended to cause Deputy Schouten apprehension of actual bodily harm. Thus, Shane's argument fails.

No. 56300-2-II

Accordingly, we hold that substantial evidence supports the trial court's finding that Shane acted with intent, and that sufficient evidence supports her conviction beyond a reasonable doubt. We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Maxa, J.

Cruser, A.C.J.

7